UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CIV-22128

EMILIO BARRIENTOS RAMOS,

    Plaintiff,

vs.

UNITED FLOOR CREW, INC. and
DENNIS LARIOS, individually,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Emilio Barrientos Ramos, sues Defendants, United Floor Crew, Inc. and Dennis Larios, for back wages owed to him that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Emilio Barrientos Ramos**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time she spent working over 40 hours per week from Defendants. Mr. Barrientos Ramos consents to participate in this lawsuit. [DE 1-1.]

2.    **Defendant, United Floor Crew, Inc.**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains its principal place of business, in this District in Broward County, Florida.

1

3. **Defendant, Dennis Larios**, was and is the owner and operator of the corporate Defendant, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiffs, and was partially or totally responsible for paying Plaintiffs' wages. He lives in Broward County, Florida.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurred within this District.

## *Background Facts*

6. Defendants have been at all times material engaged in interstate commerce in the course of their provision of cleaning and janitorial services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7. In particular, Defendants perform janitorial services that utilize computers, cleaning solutions, cleaning supplies, paper goods, equipment, machinery, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

2

8. Plaintiff worked for Defendants from June 2012 to May 5, 2015. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

9. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his utilizing mops, cleaning supplies, cleaning solutions, waxers, waxes, machinery, buckets, mops, detergents, and other office goods and supplies that moved through interstate commerce. Plaintiff would regularly clean with detergents, liquids, mops, brooms, spray bottles, dusters, paper towels, materials, equipment, and supplies that moved in interstate commerce prior to their use of same.

10. Defendants paid Plaintiffs at a day rate of $50 (or $350/week) regardless of the hours that he worked.

11. Defendants scheduled Plaintiff to work approximately 55 to 60 hours per week.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

13. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

## COUNT I – FLSA MINIMUM WAGE CLAIM

Plaintiff reincorporates and re-alleges all preceding paragraphs set forth fully herein and further alleges as follows:

14. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of $7.25 per hour for each hours he worked during the relevant time period.

15. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked during the relevant time period violated

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay minimum wages, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

16. Plaintiff is entitled to a back pay award of for the difference between the amount of pay received and the federal minimum wage for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Emilio Barrientos Ramos, demands the entry of a judgment in his favor and against Defendants, United Floor Crew, Inc. and Dennis Larios,, after trial by jury and as follows:

   a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);
   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;
   c. That Defendants be Ordered to make whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and
   d. Such other and further relief as the Court deems just and proper.

## COUNT II – OVERTIME VIOLATION

Plaintiffs reincorporates and re-allege paragraphs 1 through 13 as though set forth fully herein and further allege ass follows:

4

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

17. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay (of at least the applicable minimum wage) for all hours worked over 40 hours in a given workweek.

18. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of the greater of time and one-half his regular rate of pay or time and one-half times at least the minimum wage) per hour for each of the overtime hours worked during the relevant time period.

19. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay Plaintiff overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

20. Plaintiffs is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Emilio Barrientos Ramos, demand the entry of a judgment in his favor and against Defendants, United Floor Crew, Inc. and Dennis Larios, jointly and severally, after trial by jury and as follows:

   a. That the named Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

c. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 3rd day of June, 2015.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiffs*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

6

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com